Dickey *v.* Morgan.

In a suit in the Circuit Court of *Orange* county, an affidavit was made for a continuance on account of the absence of *A.* and *B.,* material witnesses for the deponent. The affidavit stated (as to the diligence used), that the deponent had had a *subpœna* issued for said witnesses by the clerk of said Court since the then last term thereof, which *subpœna* was placed in the hands of the sheriff of said county; that said witnesses were not in attendance; and that the deponent expected to procure their testimony by the then next term of the Court. *Held,* that the affidavit did not show sufficient diligence.

ERROR to the *Orange* Circuit Court.

Perkins, J.—This was an action of debt. There was a recovery by the plaintiff. But one question is presented to us by the record, and that arises upon a refusal of the Court to continue the cause. The continuance was moved for upon the following affidavit:

" *Duncan Dickey* makes oath that *John B. Brown* and *Charles Morgan* are material witnesses for him on the trial

Nov. Term,
1847.

DICKEY
v.
MORGAN.

of this cause; that he has had a *subpœna* issued for the above witnesses by the clerk of the *Orange* Circuit Court since the last term thereof, and that said *subpœna* was placed in the hands of the sheriff of *Orange* county; that said witnesses are not in attendance; that he expects to procure the testimony of said witnesses by the next term of the Court; that he expects to prove by said *John B. Brown* that the writing obligatory upon which this suit is brought, was given in consideration of a flat-boat which *John D. Morgan*, the obligee in said writing obligatory, falsely and fraudulently represented and pretended belonged to him; that he expects to prove further by said *Brown* that said *Morgan* was not the owner of said flat-boat, and that it did not belong to him; that he had no right, title, or claim to it; and that said writing obligatory was executed without consideration, and upon false and fraudulent representations; that he expects to prove by the said *Charles Morgan* the same facts; and that he knows of no other witness or witnesses by whom he can prove the same facts; that he does not make this affidavit for delay but justice.—*Duncan Dickey.*"

This affidavit was sworn to in open Court.

There was no error in refusing to grant the motion for a continuance. The affidavit does not show sufficient diligence. It is too uncertain in its statements in regard to the witnesses absent. If the affiant knew where the witnesses resided, he should have stated the fact; if he did not know, he should have stated that fact. This would have enabled the Court to judge of his diligence to obtain their testimony. If the witnesses did not live in *Orange* county, but in some other county in the state, it was no diligence to issue a *subpœna* to *Orange;* nor was it, if they resided out of the state. In the latter case, diligence should have been used, or an excuse offered for not using it, to obtain their depositions. Nor is the time of issuing the *subpœna* stated with sufficient certainty. It may not have been issued till the day on which the affidavit was made. The affidavit is clearly bad.

*Per Curiam.*—The judgment is affirmed with costs.

*T. B. Kinder*, for the plaintiff.

*G. G. Dunn*, for the defendant.